UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-61125-CIV-DIMITROULEAS/SNOW

BALBOA CAPITAL CORPORATION,

    Plaintiff,

vs.

VITAL PHARMACEUTICALS, INC.
d/b/a VPX SPORTS and JOHN OWOC,

    Defendants.
_____/

REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the Plaintiff's Verified Motion for Attorney's Fees and Non-Taxable Expenses and Costs (ECF No. 82), which was referred to United States Magistrate Judge Lurana S. Snow for a Report and Recommendation. The Motion is fully briefed and it is ripe for consideration.

I. PROCEDURAL HISTORY

This was an action for breach of a lease agreement. On August 29, 2019, the Court entered an Omnibus Order on Motions for Summary Judgment (ECF No. 57), finding that the Defendants had breached the lease agreement and outlining the steps to be taken by the parties to be taken to obtain an appraisal of the leased machine. Following the appraisal, the Plaintiff was to file a motion for judgment in the amount of the appraised value of the machine, "plus interest, attorneys' fees and costs associated with filing this action." Id. at 7, 8.

On April 23, 2020, the Defendants filed a Motion for Limited Relief from the Court's Omnibus Order Denying Defendants' Motion for Summary Judgment Dated August 29, 2019 (ECF No. 66) requesting, inter alia, that the Court vacate its

award of fees and costs to the Plaintiff because there was no prevailing party in this action. The Court declined to vacate any portion of its Omnibus Order. (ECF No. 74)

Thereafter, the Plaintiff filed its Motion for Entry of Final Judgment (ECF No. 75) In its Response to the Motion (ECF No. 76), the Defendants again argued that the Plaintiff was not entitled to an award of attorneys' fees and expenses because it was not the prevailing party. In rejecting the Defendants' argument, the Court stated:

> The issue of Plaintiff's attorney's fees has been repeatedly addressed by this Court. Defendants' arguments do not present the newly discovered evidence, manifest errors of law or fact, or other exceptional circumstances that would permit the Court to revisit its repeated holding that Plaintiff is entitled to attorney's fees and costs incurred in bringing this litigation. The contract interpretation arguments Defendants present could have been made and accepted by this Court on summary judgment, but they were not.

(ECF No. 79 at 6) The Court found "again, that Plaintiff is entitled to attorneys' fees and costs associated with bringing this action, excluding any attorneys' fees incurred in proceeding through arbitration and appraisal to determine the Fair Market Sale Value of the Lease Equipment." Id. at 7.

In the instant Motion, the Plaintiff seeks an award of attorneys' fees in the total amount of $101,927.24, representing a total of 366.2 hours of work by six attorneys, whose hourly rates ranged from $250.00 to $405.00 per hour, based on each attorney's years of legal practice and experience. The fees associated with arbitration and appraisal were not included in this total, and the lion's share of the work was performed by two attorneys, whose hourly rates ranged from $250.00 to $325.00 per hour.

The Plaintiff also seeks expenses in the total amount of $4,650.00, representing the mediation fee of $3,750.00 and an appraisal fee of $900.00, as well as

taxable costs in the amount of $425.00, consisting of a court reporter fee of $135.00 and $290.00 for service of process. The claimed attorneys' fees are documented by billing records (ECF Nos. 82-4, 82-5), and expenses for the mediator, court reporter and process server are included within those records (ECF Nos. 82-4 at 19; 82-5 at 9, 28). The appraisal invoice is attached separately. (ECF No. 82-6)

The Defendants do not object to the amount of fees, expenses and costs claimed by the Plaintiff or to the hourly rates charged by the Plaintiff's attorneys. However, the Defendants once again assert their previous arguments that the Plaintiff was not a prevailing party and therefore not entitled to an award of fees and expenses. Since this Court repeatedly has ruled against the Defendant on the issue of the Plaintiff's entitlement to a fee award, the undersigned adopts the Court's prior rulings and will not address the merits of the Defendants' arguments on this issue.

## II. DISCUSSION

### A. Attorneys' Fees

This Court must calculate a reasonable attorney fee by utilizing the "lodestar" method described in Hensley v. Eckerhart, 461 U.S. 424 (1983), which held that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," since this computation "provides an objective basis on which to make an initial estimate of the value of a lawyer's services." Id. at 433.

The party seeking an award of fees should submit evidence supporting the hours worked and the hours claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. A district court also should exclude from this initial fee calculation hours that were not "reasonably expended." Id. at 433-34. Therefore, counsel for the prevailing party "should make a

good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." Id. at 434.

The Eleventh Circuit has adopted the lodestar approach as the method to be used in calculating federal statutory fee awards. Norman v. Housing Auth. of Montgomery, 836 F.2d 1292 (11th Cir. 1988). The court must begin by determining a reasonable hourly rate, which is defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Id. at 1299, citing Blum v. Stenson, 465 U.S. 886, 895 (1984)). The applicant bears the burden of proving, by direct or opinion evidence, that the requested rate is in line with prevailing market rates. Norman, 836 F.2d at 1299.

The applicant also bears the burden of documenting his or her time expenditures, and may submit opinions as to their reasonableness. Id. at 1303. However, the court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Id. Moreover, where billing records are voluminous, "an hour-by-hour analysis of a fee request is not required." Loranger v. Stierheim,10 F.3d 776, 783 (11th Cir. 1994). District courts may make reasonable "across-the-board percentage cuts" instead of engaging in an hour-by-hour analysis of a fee request. Id.

In the instant case, the Plaintiff has complied with the requirements of Local Rule 7.3, which governs motions for attorneys' fees. The undersigned finds that the claimed rates of $250.00 - $405.00 per hour is within the range of rates charged in the Southern District of Florida for similar services by lawyers of

reasonably comparable skills, experience and reputation.[1] The undersigned further finds, based on a review of the billing statements and the record in this cause, that 366.2 hours is a reasonable amount of time to have spent on the case. Therefore, the requested fee award of $101,927.24 should be granted. The expenses for the mediator ($3,750.00) and appraisal ($900.00) also are reasonable and should be awarded.

B. Costs

Pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920, the Court shall award costs to the prevailing party in a lawsuit. Rule 54(d) creates a presumption in favor of awarding costs, which the opposing party must overcome. Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir. 1991).

Taxable costs are identified in 28 U.S.C. § 1920:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the cost of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The decision to award costs is discretionary with the Court, but the Court may tax items specifically enumerated in § 1920, absent alternative contractual or

---

[1] The qualifications of the six attorneys who worked on the Plaintiff's case are set forth in the affidavit of Mark J. Chaney, III (ECF No. 82-3 at 4-7). Since the Defendants have no objection to the hourly rates charged, those qualifications are not summarized here.

statutory authority. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987).

In the instant case, the Plaintiff seeks to tax costs in the amount of $425.00, consisting of $135.00 in court reporter fees and $290.00 for service of process. These costs are taxable under § 1920 and the Defendants do not object to them. Therefore the claimed costs should be awarded.

## II. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that Plaintiff's Verified Motion for Attorney's Fees and Non-Taxable Expenses and Costs (ECF No. 82) be GRANTED, and that the Plaintiff be awarded attorneys' fees in the amount of $101,927.24, litigation expenses in the amount of $4,650.00 and costs in the amount of $425.00.

The parties will have 14 days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with The Honorable William P. Dimitrouleas, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 23rd day of August, 2021.

/s/ Lurana S. Snow
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to: All Counsel of Record