UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No.18-61125-CIV-DIMITROULEAS/HUNT

BALBOA CAPITAL CORPORATION,

    Plaintiff,

v.

VITAL PHARMACEUTICALS, INC.,
d/b/a VPX SPORTS, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on Plaintiff's Motions to Issue Writs of Garnishment, ECF Nos. 103, 104, 105, Defendants' Response in Opposition, ECF No. 107, and Defendants' Refiled Motion to Stay Pending Appeal Without Bond, or in the Alternative, Request for Approval of Supersedeas Bond ("Motion to Stay"), ECF No. 111. The Honorable William P. Dimitrouleas referred the Motions to the undersigned for appropriate disposition or for a report and recommendation.  ECF No. 112; *see also* 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1.  Upon thorough review of the record, applicable law, the Motions, the Response and the Reply thereto, the undersigned respectfully RECOMMENDS that Defendants' Motion to Stay, ECF No. 111, be GRANTED in part, and Plaintiff's Motion to Issue Writs, ECF Nos. 103, 104, 105, be DENIED without prejudice for the reasons set forth below.

## BACKGROUND

Balboa Capital Corporation ("Balboa") brought this breach of contract dispute against Defendants VPX Sports and its CEO Jack Orwoc (collectively "VPX").  ECF No.

1.  The District Court entered final judgment in favor of Balboa against VPX in the amount of $275,000 (the fair market value of the equipment at issue), $289,141.84 in prejudgment interest, and $12,838.36 in post-judgment interest.  ECF No. 80.  The District Court denied VPX's request to reconsider the accrual of prejudgment interest.  ECF No. 88.  The District Court also awarded Balboa attorneys' fees in the amount of $103,238.74, litigation expenses in the amount of $4,650, and costs in the amount of $425.  ECF Nos. 93, 95.  VPX has appealed the District Court's Order denying its motion for reconsideration.  ECF No. 96.

Balboa filed three motions for writs of garnishment to be issued against certain banks.  ECF Nos. 103, 104, 105.  VPX opposed the motions and filed a motion to stay the execution of the judgment pending appeal without bond.  ECF No. 111.  In the alternative, VPX requests the Court enter a stay and approve the filing of a supersedeas bond.  ECF No. 111.

## **PARTIES' ARGUMENTS**

VPX argues that it is entitled to a stay pending the appeal because VPX is solvent and will remain so in the reasonably foreseeable future.  In support, VPX asserts that it has already satisfied a portion of the judgment by tendering payment in the amount of $275,000, the principal amount of the judgment not subject to the appeal.  Thus, VPX argues that it has an objective ability to pay the remaining amount and the cost of a bond would be a waste of money.  VPX further argues that it is likely to prevail on the merits of the appeal, VPX will face irreparable harm absent a stay, Balboa will suffer no substantial harm if a stay is granted, and that the public interest will be served by issuing a stay. VPX requests in the alternative that the Court allow it to post a bond in the amount of 50% of

2

the remaining outstanding balance. However, VPX concedes that it is prepared to post a bond for the full amount of the remaining balance.

Balboa responds that VPX failed to establish any element entitling it to a stay. Balboa contends that VPX is not likely to prevail on the merits because Balboa relied on the express terms of the lease agreement between the Parties to calculate the prejudgment interest. Likewise, Balboa argues that VPX's argument that Balboa is not the prevailing party will fail as well. Balboa next argues that VPX's alleged irreparable harm is speculative and conditioned upon two separate events occurring. As to the substantial harm suffered by Balboa, Balboa asserts that although VPX has paid the principal amount of the final judgment, it took a significant amount of time to receive the payment and Balboa has expended a significant amount in attorneys' fees to prosecute this action. Lastly, Balboa contends that the public interest is not served by a stay.

## ANALYSIS

### *The Four-Part Test*

"The standard four-part test to determine a stay requires courts to consider: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *SEC v. Mutual Benefits Corp.*, No. 04-60573-CIV-MORENO, 2022 WL 3715982, at * 2 (S.D. Fla. Aug. 29, 2022) (citation omitted).

VPX argues that it is likely to succeed on appeal because the District Court erred by awarding prejudgment interest since 2015 because the applicable Connecticut statute does not allow prejudgment interest unless the damages were a for a liquated sum. VPX

also challenges the Court's ruling that a default event occurred entitling Balboa to attorneys' fees. The undersigned finds that VPX has not met its burden of showing a likelihood of success on the merits. The motion and the reply do nothing more than provide a cursory argument that the District Court erred.

Next, the harm factors of the four-part test center on the relative harm to VPX, Balboa, and the public. VPX claims it will suffer irreparable harm if the stay is not issued. VPX alleges that the writs of garnishment will likely result in serious reputational harm. VPX also alleges that it faces irreparable financial harm should the Eleventh Circuit return a favorable opinion and the amount paid to Balboa becomes uncollectible. However, the undersigned finds that this harm is speculative. There is no indication that any money paid would become uncollectible if a favorable opinion is rendered by the Eleventh Circuit.

Balboa contends that VPX ignores the fact that Balboa remained the owner of the equipment and VPX's use of the equipment went unfettered for seven years. Balboa contends that while VPX paid the portion of the final judgment accounting for the fair market value of the equipment, Balboa expended a substantial amount in attorneys' fees and continues to do so. The undersigned finds that Balboa would likely not suffer any injury due to the fact that VPX has paid the judgment amount as to the fair market value of the equipment.

Finally, VPX asserts that the public interest will be served by issuing the stay because it would suffer irreparable harm and it has already paid the portion of the judgment that is not subject to the appeal. VPX mistakes its own interest for the public interest. This prong does not consider the impact of the stay on the Parties; but rather, it considers the impact of the stay on the rights and interests of non-parties. *See Fla.*

*Atlantic Univ. Bd. Of Trs. v. Parsont*, 465 F. Supp. 3d 1279, 1298–99 (S.D. Fla. 2020) (finding that the injunction serves the public interest because it safeguarded the rights and interests of nonparties).  VPX has not shown that a stay would serve the public interest.

Therefore, the undersigned finds that VPX has not met the criteria for this Court to grant a stay.

**Bond**

Notwithstanding the fact that VPX does not meet the criteria for a stay, Balboa does not object to a stay if VPX posts a bond pursuant to Federal Rule of Civil Procedure Rule 62(b).  VPX argues that it should not be required to pay a bond since it has already paid the judgment amount not subject to the appeal.  In the alternative, VPX requests that it be required to post a bond for half of the remaining amount owed.

Federal Rule of Civil Procedure Rule 62(b) provides:

> At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

"Southern District of Florida federal courts follow the rule that a bond is the norm for obtaining a stay."  *Procaps S.A. v. Pantheon*, 2017 WL 11558275, at *1 (quoting *SunTrust Bank v. Ruiz*, No. 14-21107, 2015 WL 11216712, at *2 (S.D. Fla. Aug. 2015)).  "The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal."  *Prudential Ins. Co. of Am. v. Boyd*, 781 F.2d 1494, 1498 (11th Cir. 1986).  "Rule 62.1 of the Local Rules of the Southern District of Florida provides that a supersedeas bond staying execution of a money judgment shall be in the amount of 110% of the judgment to provide security for interest, costs, and any

5

award of damages for delay." *AM Grand Ct. Lakes, LLC v. Rockhill Ins. Co.*, Case No. 18-23576-CIV-WILLIAMS, 2020 WL 13551374, at *1 (S.D. Fla. Oct. 20, 2020) (quotation omitted).  "Upon its own motion or upon application of a party the Court may direct otherwise." *Id.*  There are only two limited circumstances where the court will grant a stay without a bond. *Procaps S.A.*, 2017 WL 11558275, at *1.  These instances are: "(1) the debtor's ability to pay the judgment is so plain that the cost of the bond would be a waste of money; or (2) a bond would put the debtor's other creditors in undue jeopardy." *Id.* (quotations omitted).

The undersigned understands that VPX has paid the judgment that is not subject to the appeal.  However, the undersigned finds that VPX should still be required to post a bond as required by Fed. R. Civ. P. 62.  Balboa received a judgment and VPX has paid a portion of that judgment but has appealed the remaining portion.  To maintain the status quo, which is the purpose of a bond, VPX should be required to post a bond in the amount of 110% of the remaining judgment.  Therefore, the undersigned recommends that VPX's Motion to Stay be GRANTED in part.

## RECOMMENDATION

Based on the foregoing, the undersigned RECOMMENDS that VPX's Motion to Stay, ECF No. 111, be GRANTED in part as follows:

1. A stay be entered pursuant to the alternative relief requested by VPX and Balboa's agreement to a stay as long as VPX posts a bond.
2. VPX be required to post a bond for the amount of 110% of the remaining judgment.

3. Balboa's Motions for Writ of Garnishment, ECF Nos. 104, 105, 106, should be denied without prejudice.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 7th day of October 2022.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable William P. Dimitrouleas
All Counsel of Record