UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BALBOA CAPITAL CORPORATION,                CASE NO.  18-61125-CIV-DIMITROULEAS

    Plaintiff,

vs.

VITAL PHARMACEUTICALS, INC., d/b/a
VPX SPORTS and JOHN OWOC,

    Defendants.
_____/

**ORDER APPROVING REPORT OF MAGISTRATE JUDGE; GRANTING IN PART MOTION TO STAY; DENYING MOTIONS FOR WRIT OF GARNISHMENT WITHOUT PREJUDICE; REQUIRING STATUS REPORTS AS TO THE STATUS OF BANKRUPTCY PROCEEDINGS**

    THIS CAUSE is before the Court upon Plaintiff Balboa Capital Corporation ("Plaintiff" or "Balboa")'s Motions to Issue Writs of Garnishment After Judgment (the "Motions for Writ of Garnishment") [DE's 103, 104, 105], filed on July 21, 2022; Defendants Vital Pharmaceuticals, Inc. d/b/a VPX Sports and John Owoc (collectively, "Defendants")'s Refiled Motion to Stay Pending Appeal Without Bond or, in the Alternative, Request for Approval of Supersedeas Bond (the "Motion to Stay") [DE 111], filed on July 25, 2022; and the Report and Recommendation of Magistrate Judge Patrick M. Hunt (the "Report") [DE 119], dated October 7, 2022. Also before the Court is the Suggestion of Bankruptcy [DE 120], filed on October 12, 2022. The Court is otherwise fully advised in the premises.

    As a preliminary matter, the Court notes that five days after the Magistrate Judge issued his Report, Defendant Vital Pharmaceuticals, Inc. filed a Suggestion of Bankruptcy, informing the undersigned that it has filed a voluntary petition in the United States Bankruptcy Court for the

1

Southern District of Florida. *See* [DE 120]. Because this action is now automatically stayed as to Defendant Vital Pharmaceuticals, Inc. pursuant to 11 U.S.C. § 362, the Motions [DE's 103, 104, 105, 111] and the Report [DE 119] are moot as to Defendant Vital Pharmaceuticals, Inc. Accordingly, the Court will only consider the Motions, the Report, and the Objections as to Defendant John Owoc.

A party seeking to challenge the findings in a report and recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). If a party makes a timely and specific objection to a finding in the report and recommendation, the district court must conduct a *de novo* review of the portions of the report to which objection is made. *Macort*, 208 F. App'x at 783-84; *see also* 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1). Accordingly, the Court has undertaken a *de novo* review of the Report [DE 119], Defendant John Owoc ("Owoc")'s Objections to Report and Recommendation of Magistrate [DE 121], Plaintiff's Response [DE 123], and the record herein.

In the Report, Magistrate Judge Hunt found that although Defendants failed to meet the criteria for the Court to grant a stay, Plaintiff does not object to a stay if Defendants post bond pursuant to Fed. R. Civ. P. 62(b). *See* [DE 119]. As such, Magistrate Judge Hunt recommends that

the Court grant in part the Motion to Stay [DE 111], enter a stay pursuant to the alternative relief requested upon Defendants' posting a bond of 110% of the remaining judgment, and deny Plaintiff's Motions for Writ of Garnishment without prejudice. *See id.*

"The standard four-part test to determine a stay requires a court to consider: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interest in the proceeding; and (4) where the public interest lies." *SEC v. Mutual Benefits Corp.*, No. 04-60573-CIV-MORENO, 2022 WL 3715982, at *2 (S.D. Fla. Aug. 29, 2022) (citation omitted). Owoc objects to the Report as it relates to the first, second, and fourth factors, arguing that he has established the elements required to obtain a stay pending appeal without posting bond.

Having carefully considered Owoc's Objections, and having reviewed the arguments and relevant case law, the Court overrules the Objections. The Court agrees with the analysis and conclusions set forth in Magistrate Judge Hunt's well-reasoned and thorough Report.

With respect to the first factor, the Court agrees with Magistrate Judge Hunt that Owoc does "nothing more than provide a cursory argument that the District Court erred." [DE 119] at 4. Owoc argues the Report makes no mention that the first factor requires a "probable showing" rather than a "substantial showing" unless the moving party demonstrates that "the latter three factors . . . [are] 'heavily titled' in favor of a stay." *Sierra Club v. U.S. Army Corps of Eng'rs,* No. 3:05–cv–362–J–32TEM, 2007 WL 402830, at *1 (M.D. Fla. Feb. 1, 2007). But Magistrate Judge Hunt correctly found that Owoc failed to make the requisite showing for two of those three factors, let alone that those factors heavily tilt in favor of a stay. Moreover, the Court agrees with

3

Plaintiff that the "scheduling or oral argument, on its own, does not establish a substantial likelihood of success on the merits," and Owoc has failed to point to any authority suggesting otherwise. [DE 123] at 4. Owoc's remaining arguments regarding "numerous anomalies in the original final judgment" are without merit. *See* [DE 80] (setting forth the pre-judgment interest rate and including the phrase "for which sum let execution issue forwith").

As to the second factor, whether the applicant will be irreparably injured absent a stay, Magistrate Judge Hunt correctly found that Owoc's claimed reputational and financial harm is speculative. The Court agrees with plaintiff that "Owoc fails to identify a single harm that would directly affect him rather than [Vital Pharmaceuticals, Inc.]" [DE 123] at 5.

As to the fourth factor, the Court is unpersuaded by Owoc's vague and conclusory argument that allowing a stay without posting bond "will promote judicial efficiency and provide guidance to the public regarding anomalies in pre-judgment interest awards and proper implementations of same." [DE 121] at 5.

In any event, Owoc's Objections fail to address, let alone demonstrate, either of the two circumstances where federal courts have found a bond unnecessary to stay execution. *See Avirgan v. Hull*, 125 F.R.D. 185, 186 (S.D. Fla. 1989) (noting the two circumstances where posting a bond is unnecessary to stay execution: (1) "where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money"; and (2) "where the requirement would put the defendant's other creditors in undue jeopardy"). Accordingly, the Court does not find any reason to depart from the usual bond requirement.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report [DE 119] is hereby **APPROVED** insofar as it applies to Defendant

John Owoc;

2. Defendant John Owoc's Objections [DE 121] are **OVERRULED**;

3. Defendant Vital Pharmaceuticals, Inc.'s Objections [DE 122] are **DISMISSED AS MOOT**;

4. Defendants' Motion to Stay [DE 111] is hereby **GRANTED IN PART** as to Defendant John Owoc only;

5. The Court **WILL GRANT** a stay of execution pending appeal upon notice that Defendant John Owoc has posted bond for 110% of the remaining judgment amount in compliance with S.D. Fla. L.R. 62.1;

6. Plaintiff's Motions to Issue Writs of Garnishment After Judgment [DE's 103, 104, 105] are **DENIED WITHOUT PREJUDICE**; and

7. Defendant Vital Pharmaceuticals, Inc. shall file a status report as to the status of the bankruptcy proceedings on December 12, 2022, and every sixty (60) days thereafter.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 8th day of November, 2022.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record
Magistrate Judge Hunt