**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

BALBOA CAPITAL CORPORATION,

      Plaintiff,

v.

                                   Case No.:  0:18-cv-61125-WPD

VITAL PHARMACEUTICALS, INC.,
d/b/a VPX SPORTS; and JOHN OWOC,

      Defendants.

_____/

**BALBOA CAPITAL CORPORATION'S SECOND SUPPLEMENTAL**
**MOTION FOR ATTORNEYS' FEES AND COSTS**

      Plaintiff, Balboa Capital Corporation ("**Balboa**"), by and through undersigned counsel, submits this second supplemental motion for attorneys' fees and costs to supplement Balboa's Motion for Appellate Attorney's Fees and Costs pending before this Court and directed to Defendant, John Owoc.[1] In support thereof, Balboa states as follows:

**I.**        **PROCEDURAL HISTORY**

      1.      On August 29, 2019, the Court issued the Omnibus Order finding, among other things that Defendants, breached the contract."[2] The Court denied the Defendants' Motion for Summary Judgment.[3] The Court granted in part and denied in part Balboa's Motion for Partial Summary Judgment.[4] The Court further ordered Defendants to confer with Balboa to attempt to agree upon an appraiser or initiate the appraisal process as outlined by the lease agreement. The

---

[1] Defendant, Vital Pharmaceuticals, Inc., currently is a debtor in a chapter 11 proceeding, U.S.B.C, S.D. Fla., Case No 22-17842. As a result, 11 U.S.C. § 362(a) stays the continuation of this proceeding against Vital Pharmaceuticals. In this Application, Balboa seeks relief against, and seeks to recover its fees and costs solely from, Owoc and not from Vital Pharmaceuticals.

[2] *See* DE 57, pp. 4-5.

[3] *Id.* at p. 8.

[4] *Id.*

1

Omnibus Order then directed Balboa to file a motion for judgment for the appraised value of the Leased Equipment plus interest after the appraisal process was complete, recognized Balboa's right to its attorneys' fees under the terms of the Lease, and noted that Balboa may file a separate motion for attorneys' fees and costs after final judgment was entered.[5]

2.      Defendants and Balboa conferred but were unable to agree on the selection of an appraiser or an alternate method of determining the value of the Leased Equipment.

3.      Balboa, in an effort to move the matter forward, filed an arbitration demand with the AAA, which was assigned AAA case number 01-20-0005-0760 and Walter Goldsmith was appointed as arbitrator.  On February 8, 2021, the arbitrator entered his Arbitrator's Award selecting D. Gregg Dight, ASA as the appraiser for the purpose of determining the Fair Market Sale Value of the Leased Equipment.  Mr. Dight determined that the Fair Market Sale Value of the Leased Equipment as of August 2015 was **$275,000**.  The Arbitrator's Award also provided that the AAA administrative fee of $3,500 and arbitrator's compensation totaling $21,907.50 shall be borne by the Defendants.

4.      On February 18, 2021, Balboa filed a Motion for Entry of Final Judgment pursuant to the Court's Omnibus Order praying for the Court to enter judgment in its favor and against Defendants, jointly and severally, in the principal amount of $275,000, plus pre-judgment interest that has accrued on such amount since August 2015 at the Lease default rate of 18%, recognizing Defendants' liability to Balboa for reasonable attorneys' fees, costs and expenses, while reserving Balboa's right to establish the amount of such fees, costs, and expenses through a motion to be filed after final judgment was entered.[6]

---

[5] *Id.*
[6] DE 75.

17405739.1

5.      Defendants filed an opposition to the Motion for Entry of Final Judgment again attempting to re-litigate the issue of whether Balboa is entitled to attorneys' fees and expenses.[7]  Balboa filed a Reply in Support of Motion for Entry of Final Judgment noting the Court's previous orders recognizing Balboa's right to attorneys' fees and again addressing the arguments raised in Defendants' opposition brief.[8]

6.      On June 28, 2021, the Court entered an Order on Motion for Final Judgment and a Final Judgment in Balboa's favor and against Defendants awarding Balboa $275,000 as the Fair Market Sale Value of the Leased Equipment plus pre-judgment interest that accrued from August 2015 through the date of Final Judgment plus post-judgment interest.[9] The Order and Final Judgment also again recognized Balboa's right to reimbursement of its reasonable attorneys' fees, costs, and expenses and instructed Balboa to file a motion to establish the amount of such fees, costs, and expenses by no later than July 28, 2021.

7.      On July 26, 2021, Defendants' filed their Motion to Alter Judgment [10] requesting for the third time that this Court revisit the issue of Balboa's entitlement to its attorneys' fees and costs incurred during this action. On August 9, 2021, Balboa filed its Opposition [11] to Defendants' Motion to Alter Judgment (the "Opposition"). In the Opposition, Balboa noted Defendants' prior attempts to re-litigate the issue of Balboa's entitlement to its attorneys' fees and costs. Further, Balboa requested this Court find it entitled to recover its attorneys' fees incurred in connection with its Opposition[12].

---

[7] DE 76.
[8] DE 77.
[9] DE 79, 80.
[10] DE 81.
[11] DE 83.
[12] *Id.* at p. 11.

17405739.1

8.    On July 28, 2021, Balboa filed its Motion for Attorneys' Fees and Non-Taxable Expenses and Costs[13] (the "Motion for Fees") in which Balboa prayed for a judgment in its favor and against Defendants, jointly and severally, for attorneys' fees incurred as of July 12, 2021 in the amount of $101,927.24; plus costs and expenses as of July 12, 2021, in the amount of $5,075, while reserving Balboa's rights to seek additional attorneys' fees and costs that it may incur in connection with the enforcement of, and collection of amounts owed under, the judgment entered in this matter.

9.    On August 23, 2021, Magistrate Snow issued her Report and Recommendation (the "R&R")[14] recommending this Court grant Plaintiff's Motion for Fees in its entirety. This Court referred consideration of the Motion to the Magistrate [Doc. 85] and, on August 23, 2021, the Magistrate issued its Report and Recommendation (the "**R&R**") recommending that the District Court grant Balboa's Motion and award $107,002.24 in attorneys' fees, litigation expenses, and costs. Thereafter, the District Court entered an order adopting the R&R (the "**Fee Order**").[15]

10.    On August 24, 2021, the Court entered an Order[16] Denying the Motion to Alter Final Judgment and directing Balboa to file a supplemental motion for attorneys' fees in connection with its response to the Motion. After Balboa filed the motion for supplemental fees, the parties entered an agreement on the additional fees and the Court entered an Agreed Order[17] awarding Balboa an additional $1,311.50 in attorney's fees.

---

[13] DE 82.
[14] DE 87.
[15] DE 174.
[16] DE 88.
[17] DE 95.

4

17405739.1

11.     Appellants filed a notice of appeal asking the Appellate Court to reverse the District Court and vacate the Final Judgment and Fee Order.

12.     While the appeal was pending, Balboa commenced efforts to collect on the Final Judgment and Fee Order by filing motions[18] for writ of garnishments of three separate accounts owned by Defendants. In response to Balboa's motions, Defendants filed an Opposition[19] and Motion[20] to Stay Pending Appeal without Posting a Bond, or, in the Alternative for Approval of a Supersedeas Bond (the "Motion to Stay"). Balboa filed its Opposition[21] to the Motion to Stay and Reply in Support[22] of its motions seeking writs of garnishment.

13.     On October 7, 2022, the Magistrate entered his Report and Recommendation[23] granting in part the Motion to Stay and denying without prejudice Balboa's motions for writ of garnishment. The Report and Recommendation further ordered that Defendants post a bond in the amount of 110% of the remaining judgment. Despite extensive briefing of these motions and the Magistrate's cogent and compelling order, Defendants filed objections[24] to the Report and Recommendation.

14.     On November 9, 2022, this Court entered an order[25] approving the Magistrate's Report and Recommendation, which noted Vital's Bankruptcy filing and ordered Owoc to post a bond to effectuate a stay pending appeal.

---

[18] DE 103, 104, and 105.
[19] DE 107.
[20] DE 108
[21] DE 113.
[22] DE 115.
[23] DE 119.
[24] DE 121, 122.
[25] DE 124.

17405739.1

15.     Despite this Court's order directing Owoc to post a bond, Owoc failed to do so. Accordingly, Balboa filed renewed motions[26] for writs of garnishment. Immediately thereafter, this Court entered an Order[27] requiring Owoc to post a bond in compliance with S.D. Fla. L.R. 62.1 on or before November 23, 2022 and deferring Balboa's Renewed Motions to Issue Writs of Garnishment.

16.     On November 23, 2022, Owoc filed a notice[28] of posting a cash bond with the clerk of court. On November 28, 2022, this Court entered an Order[29] Staying Execution Pending Appeal Based on Posting of Bond.

17.     On March 23, 2023, the Appellate Court entered an opinion affirming the District Court's Final Judgment and Fee Order. Thereafter, the appellate court entered its mandate[30] and an Order[31] granting Balboa's Motion to Transfer Consideration of its Motion for Appellate Attorney's Fees and Non-Taxable Costs to the District Court.

18.     Balboa's Motion for Appellate Attorneys' Fees and Costs [32] (**"Motion for Appellate Fees and Costs"**) was transferred to this Court on May 26, and the Court referred[33] consideration of same to the Magistrate on May 30, 2023.

19.     Balboa respectfully requests that the Magistrate consider this motion together with the pending Motion for Appellate Fees and Costs.

---

[26] DE 125, 126, and 127.
[27] DE 128.
[28] DE 132.
[29] DE 133.
[30] DE 141.
[31] DE 142.
[32] DE 143.
[33] DE 144.

6

17405739.1

## II.    BASIS FOR ATTORNEYS' FEES AND COSTS AWARD

In support of its request for an award of attorneys' fees and non-taxable expenses and costs, Balboa states as follows:

Pursuant to the terms of the Lease, VPX is obligated to reimburse Balboa for all costs and expenses, including reasonable attorneys' fees, incurred by Balboa in connection with the enforcement of Balboa's rights and remedies under the Lease.[34]  Similarly, the Guaranty provides that Owoc shall be obligated to reimburse Balboa for all expenses, costs, and reasonable attorneys' fees incurred by Balboa in connection with the enforcement of Balboa's rights and remedies against VPX and/or Owoc in connection with the Lease and Guaranty.[35]  This second supplemental motion for attorneys' fees is made in accordance with the Mandate of the Eleventh Circuit Court of Appeal affirming the Final Judgment and Fee Order entered in favor of Balboa.

A.    Balboa seeks a supplemental award of **$7,925.00** for attorney's fees and **$57.28** in nontaxable costs incurred by Balboa in connection with its efforts to collect on the Final Judgment and Fee Order while Defendants' appeal was pending.

B.    Balboa retained McGlinchey Stafford, PLLC ("**McGlinchey Stafford**") to pursue Balboa's rights against the Defendants under the Lease and Guaranty.  Balboa agreed to pay McGlinchey Stafford hourly fees and expenses to undersigned counsel and its law firm upon its retention in this matter and McGlinchey Stafford was lead counsel on the underlying District Court litigation and for the appeal;

C.    Attached hereto as **Exhibit 1** is the Affidavit of Ralph W. Confreda, Jr. together with the detailed McGlinchey Stafford's Invoices supporting the requested supplemental

---

[34] *See* Maser Lease, ¶ 11(b).
[35] *See* Guaranty, ¶ 1(c).

17405739.1

fee and costs amount. Mr. Confreda and Ms. Alyssa Weiss billed a total of 31.7 hours at $250/hr to perform legal research, draft Balboa's Motions/Renewed Motions for Writ of Garnishment, Replies in Support, Opposition to Defendants Motion to Stay, and a Response to Defendants' Objections to the Magistrate's Report and Recommendation, among other work. Balboa therefore requests that the Court award it attorneys' fees in the amount of **$7,982.28** in connection with Balboa's Opposition. Mr. Confreda and Ms. Weiss' billed time, hourly rate, hours expended and description of tasks performed in connection with the aforementioned work is attached to the Affidavit of Ralph W. Confreda, Jr. as **Exhibit A to the Affidavit**; and

> D.      The instant Motion for Fees is verified.

### III.      LAW & ARGUMENT

**A.      Legal Standard for Determining Attorney Fee Awards.**

To calculate the quantum of attorneys' fees recoverable, courts of this Circuit use the "lodestar" method. *See Houston Specialty Ins. Co. v. Vaughn*, 2017 WL 6759709, at *1 (M.D. Fla. Dec. 29, 2017), *aff'd*, No. 17-11038, 2018 WL 1568939 (11th Cir. Mar. 30, 2018)(citing *Norman v. House. Auth. of City of Montgomery*, 836 F.2d 1292, 1298–1303 (11th Cir. 1988)).

In order to compute attorney fees using the lodestar method, a court must multiply the number of hours reasonably expended by the prevailing hourly rate in the community for similar work. *Id.*

> Determining the reasonable amount of Court-awarded attorney's fees entails a three step process: first, the Court must calculate the reasonable hourly rate for the professionals involved in the case, second, the Court must determine the number of hours reasonably expended, and third, after calculating the lodestar, i.e. the number of hours reasonably expended multiplied by the reasonable hourly rate, the Court

must make any necessary adjustments to the lodestar, including (if applicable) application of a contingency fee multiplier.

*Id.*

The reasonable hourly rate is defined as the "reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* at * 2.  In evaluating the reasonable hourly rate, Florida courts apply the *Rowe* factors, which look to:

> (1) The time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal service properly, (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer, (3) The fee customarily charged in the locality for similar legal services," "(4) The amount involved and the results obtained, (5) The time limitations imposed by the client or by the circumstances, (6) The nature and length of the professional relationship with the client, (7) The experience, reputation, and ability of the lawyer or lawyers performing the services, and (8) Whether the fee is fixed or contingent, *less* the time and labor required, the novelty and difficult of the question involved, the results obtained, and whether the fee is fixed or contingent.

*Id.* (citing *Joyce v. Federated Nat. Ins. Co.*, 228 So. 3d 1122, 1126 (Fla. 2017)).

In computing the reasonable hours prong of the lodestar analysis, Courts look to eliminate excessive, redundant, or unnecessary hours.  *Houston Specialty Insurance Company*, 2017 WL 6759709, at *2 (quoting *Norman*, 836 F.2d at 1301). "Excessive hours" are defined as "hours spend on activities for which the lawyer would not bill a client of means who was seriously intent on vindicating similar rights." *Id.*  "Redundant hours" are defined as hours where multiple attorneys are "unreasonably doing the same work" *Id.*  "Unnecessary hours" are defined as "time spent on discrete and unsuccessful claims." *Id.*  Further, in determining the reasonable number of hours, a Court may consider the time and labor required, the novelty and difficulty of the questions involved and the results obtained.  *See Joyce*, 228 So. 3d at 1142.

17405739.1

**B.**     **Balboa's Request for Attorneys' Fees.**

    **1.**     **Contemporaneous Billing Records.**

Copies of the contemporaneous billing record that McGlinchey Stafford issued in connection with their representation of Balboa in connection with the Master Lease Agreement, Equipment Schedule, and Guaranty, including, without limitation, in connection with the captioned matter is attached to the Affidavit of Ralph W. Confreda, Jr. as Exhibit 1A.  The attached the McGlinchey Stafford Invoices have been redacted to preserve the attorney/client privilege and to exclude attorney's fees incurred for other work not contemplated by this Court's Order.

    **2.**     **Lodestar Analysis – Reasonable Hourly Rate.**

Both Mr. Confreda and Ms. Weiss' hourly rate for collection work is $250.  This Court previously found McGlinchey Stafford's hourly rate of $325/hr to be reasonable.

The rate charged by McGlinchey Stafford ($250) are squarely within the rage of rates approved by the 11th Circuit and regularly approved by this Court in matters of complexity similar to that posed by the Lease and related litigation.  *See In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297, 355 (11th Circ. 1993); *see also Ayers v. State Farm Mut. Auto. Ins. Co.*, 2018 WL 375719, at *4 (M.D. Fla. Jan. 11, 2018) (approving partner rates of $550 and $425/hour and associates rates of $270/hour); *Houston Specialty Ins. Co. v. Vaughn*, 2017 WL 6759709, at *3 (M.D. Fla. Dec. 29, 2017), aff'd, No. 17-11038, 2018 WL 1568939 (11th Cir. Mar. 30, 2018) (approving partner rates of $550 and $450 /hour); *Loos v. Club Paris, LLC*, 731 F. Supp. 2d 1324, 1331 (M.D. Fla. 2010) (approving partner rates of $350 per hour); *Twin Rivers Eng'g, Inc. v. Fieldpiece Instruments, Inc.*, 2017 WL 6624120, at *3 (M.D. Fla. Dec. 28, 2017)(approving rates between $500 and $225/hour); *Island Stone Int'l Ltd. v. Island Stone India Private Ltd.*, 2017 WL

5632719, at *8 (M.D. Fla. Nov. 3, 2017), *report and recommendation adopted*, 2017 WL 5608939 (M.D. Fla. Nov. 21, 2017) (approving partners rates of $435 and $368/hour and associate rates of $388 and $300/hour); *HCDL Holdings, LLC v. TKCT Milford, LLC*, 2017 WL 4481635, at *4 (M.D. Fla. Sept. 21, 2017), *report and recommendation adopted*, 2017 WL 4476851 (M.D. Fla. Oct. 6, 2017)(approving a partner rate of $400/hour in litigation arising from commercial loan dispute).

The rate charged by McGlinchey Stafford are appropriate in light of the complexity of the lease and the claims at issue.  In light of the multiple phases of this litigation and the range of issues presented, and considering the range of rates previously approved by this Court and other courts in similarly complex matters, the rates charged by McGlinchey Stafford's attorneys as stated herein are reasonable.

### 3.    Lodestar Analysis – Reasonable Number of Hours Expended and Result Obtained.

The actions taken by McGlinchey Stafford in connection with its efforts to collect on the Final Judgment, include legal research, draft Balboa's Motions/Renewed Motions for Writ of Garnishment, Replies in Support, Opposition to Defendants Motion to Stay, and a Response to Defendants' Objections to the Magistrate's Report and Recommendation, among other work.

A supplemental award of attorneys' fees and costs in the amount of **$7,982.28** is reasonable given the especially when considering the case history and result.

## IV.    CONCLUSION

Pursuant to the foregoing, Balboa requests that this Court enter a supplemental judgment (or add to any final judgment to be entered in connection with Balboa's Motion for Fees) in favor of Balboa and against Owoc for collection attorneys' fees and costs in the amount of **$7,982.28**

17405739.1

PLUS Balboa's appellate attorneys' fees and costs in the amount of **$44,045.00 for a total award of $52,027.28**, which sum shall continue to bear at the federal statutory rate provided by 28 U.S.C. § 1961, *nunc pro tunc* to the date of the Final Judgment, June 28, 2021.

## <u>VERIFICATION OF COUNSEL</u>

In accordance with Southern District of Florida Local Rule 7.3, I verify under penalty of perjury that the foregoing is true and correct. Executed on June 16, 2023.

*/s/ Ralph W. Confreda, Jr.*

Dated:  June 16, 2023.

McGLINCHEY STAFFORD

*/s/ Ralph W. Confreda, Jr.              .*
Ralph W. Confreda, Jr.,
Florida Bar No. 85794
1 East Broward Boulevard, Suite 1400
Fort Lauderdale, FL 33301
Tele:(954)356-2528
Fax:(954) 208-7517
rconfreda@mcglinchey.com

**Attorneys for Balboa Capital Corporation**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on June 16, 2023 a true and correct copy of the foregoing was served the Court's ECF system to all counsel of record in the captioned matter and by U.S. Mail to the following party:

John Owoc
16720 Stratford Court
Southwest Ranches, Florida 33331
***Pro Se***

*/s/ Ralph W. Confreda, Jr.*
Ralph W. Confreda, Jr.

12

17405739.1