**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 18-61125-CIV-DIMITROULEAS/HUNT**

BALBOA CAPITAL CORPORATION,

    Plaintiff,

  v.

VITAL PHARMACEUTICALS, INC., and
JOHN OWOC,

    Defendants.
_____/

## REPORT AND RECOMMENDATIONS

This matter is before this Court on Plaintiff's Verified Motion for Attorneys' Fees and Costs ("Motion for Attorneys' Fees"), No. 142 at 4–13, and Plaintiff's Supplemental Motion for Attorneys' Fees and Costs ("Supplemental Motion"), ECF No. 146. The Honorable William P. Dimitrouleas referred these matters to the undersigned for a report and recommendation. ECF Nos. 144, 147; *see also* 28 U.S.C. § 636; S.D. Fla. L.R. Mag. R. 1. Upon thorough and careful review of the record, the Motions, the applicable law, and being otherwise fully advised in the premises, the undersigned recommends that both Motions be GRANTED for the reasons set forth below.

**I.    Background**

Balboa Capital Corporation ("Balboa") brought this breach of contract dispute against Defendants VPX Sports and its CEO John Owoc (collectively "VPX"). ECF No. 1. The District Court entered final judgment in favor of Balboa against VPX in the amount of $275,000 (the fair market value of the equipment at issue), $289,141.84 in prejudgment interest, and $12,838.36 in post-judgment interest. ECF No. 80. The District Court denied VPX's request to reconsider the accrual of prejudgment interest. ECF No. 88. The District Court also awarded Balboa

attorneys' fees in the amount of $103,238.74, litigation expenses in the amount of $4,650, and costs in the amount of $425.  ECF Nos. 93, 95.  VPX appealed the District Court's Order denying its motion for reconsideration.  ECF No. 96.  The Eleventh Circuit affirmed the District Court's Order.  ECF No. 141.  Balboa moved for appellate attorneys' fees and the Eleventh Circuit transferred the fees motion to the District Court.  ECF No. 142.  Balboa also filed a supplemental motion for attorneys' fees.  ECF No. 146.  Both Motions seek fees against Owoc individually.  *See* ECF Nos. 142, 146.  Defendant John Owoc has not filed a response to either Motion.  This Court ordered Owoc to respond to the Motions, which he has failed to do.  Thus, the Motions are unopposed.

## II.     Parties' Arguments

Balboa contends that it has incurred $44,045 in attorneys' fees in connection with the appeal in this action.  Balboa argues that the hourly rates and hours sought are reasonable and have been approved by courts within this District and Circuit.  Balboa, through its Supplemental Motion, seeks an additional $7,925 in attorneys and $57.28 in nontaxable costs incurred by Balboa in connection with its efforts to collect on the final judgment and fee order while the appeal was pending.  ECF No. 146

## III.    Entitlement

Under the "American Rule," litigants are generally not entitled to an award of attorneys' fees for prevailing in litigation unless provided by statute or contract.  *Int'l Fidelity Ins. Co. v. Americaribe-Moriarty JV*, 906 F.3d 1329, 1335–36 (11th Cir. 2018) ("[A]bsent a specific statutory or contractual provision, a prevailing litigant has no general entitlement to attorneys' fees.").  "Where the right to attorneys' fees and costs sounds in state law and reaches this Court by way of federal diversity jurisdiction, [the

2

Court] applies the substantive law of the forum state." *Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc.*, 572 Fed. App'x 796, 801 (11th Cir. 2014).

Here, the undersigned finds that, in addition to prevailing at the trial and appellate levels, pursuant to the express language in the lease and guaranty agreements between Balboa, Vital Pharmaceuticals, and Owoc, Balboa is entitled to recover attorneys' fees, costs, and expenses incurred in connection with this litigation, including the fees, costs, and expenses incurred in connection with the appeal in this action. *See* ECF No. 142 at 26.

## IV. Fee Amount

This Court uses the lodestar method to calculate reasonable attorneys' fees, multiplying a reasonable hourly rate by the number of hours reasonably expended. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). A reasonable hourly rate for attorneys' fees is determined by evaluating "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)); *see also ACLU v. Barnes*, 168 F.3d 423, 438 (11th Cir. 1999) ("The significant disparity in their experience should be reflected in the rates awarded."); *Brown v. Sch. Bd. of Broward Cty.*, No. 08-61592-CIV-DIMITROULEAS/SNOW, 2010 WL 3282584, at *3 (S.D. Fla. June 30, 2010). The movant bears the burden of proving that the requested rate is consistent with prevailing market rates. *Norman*, 836 F.2d at 1299, 1303. In addition to evidence presented by the movant, "[a] court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or

without the aid of witnesses as to value." *Id.* at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)) (internal quotation marks omitted).  Thus, even when the submitted evidence is deficient, a court has the power to make a fee award without the need of further pleadings or an evidentiary hearing.  *Id.*

1. Reasonable Hourly Rate

Balboa seeks a combined total of $51,970 in attorneys' fees based upon professional services rendered in this action.  ECF No. 142 at 11; ECF No. 146 at 7.  Specifically, Balboa seeks $44,045 in connection with services rendered for the appeal in this action; Balboa seeks $7,925 in connection with its efforts to collect the amount awarded in the District Court's Final Judgment and Fee Order while the appeal was pending.

This Court must consider the twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), when "determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable.'" *Meyrowitz v. Brendel*, No. 16-81793-CIV-MARRA, 2018 WL 4440492, at *3 (S.D. Fla. Sept. 17, 2018).  Those factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

> The reasonable hourly rate is defined as the prevailing market rate in the relevant legal community for similar services by lawyers of

> reasonably comparable skills, experience, and reputation. The fee applicant bears the burden of establishing the claimed market rate. The Court may use its own experience in assessing the reasonableness of attorney's fees.

*Id.* (internal quotations and citations omitted).

This Court has considered Balboa's Motions and the factors outlined in *Johnson*. In connection with the appeal in this action, Balboa seeks an hourly rate of $325 for attorneys Ralph Confreda, Will Grimsley, Rudy Cerone, and Chase Stoecker. Balboa seeks an hourly rate of $250 for attorney Alyssa Weiss. In connection with the collection of the final judgment, Balboa seeks an hourly rate of $250 for attorneys Ralph Confreda and Alyssa Weiss.

As previously mentioned, Owoc has not responded; therefore, the rates are unopposed. Based upon this Court's own knowledge and experience, and having considered the length and extent of litigation involved in the instant case, the Court concludes the rates requested in connection with the appeal and the collection are reasonable given the experience levels of the attorneys (ranging from 12-24 years of experience with the exception of Weiss, who has 2 years of experience).

2. <u>Hours Reasonably Expended</u>

Upon determination of the hourly rate, a court must next determine the reasonable amount of hours expended in the litigation. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). Inquiry into the reasonable number of hours focuses on the attorney's exercise of "billing judgment," such as the attorney's exclusion of hours "that would be unreasonable to bill a client, and therefore to one's adversary irrespective of the skill, reputation, or experience of counsel." *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836

F.2d at 1301) (internal quotation marks and emphasis omitted).  Fee applicants must exclude hours that were not "reasonably expended" or that are determined to be "excessive, redundant, or otherwise unnecessary" from their fee calculations.  *Hensley*, 461 U.S. at 434.

Balboa seeks attorneys' fees for a combined 167.5 hours of work (135.8 spent on the appeal and 31.7 spent on the collection).  In support of this Motion, Balboa's counsel has submitted timesheets.  ECF No. 142 at 43; ECF No. 146-1.  The undersigned has reviewed the billing records line-by-line, compared them to the filings generated, and finds that the hours expended on the indicated tasks and overall litigation are reasonable.

      3.    <u>Lodestar Amount and Adjustment</u>

"[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee."  *Perdue v. Kenny A.*, 559 U.S. 542, 553 (2010).  The Supreme Court has specifically identified three circumstances that may justify a deviation from the lodestar amount: 1) "where the method used in determining the hourly rate employed in the lodestar calculation does not adequately measure the attorney's true market value, as demonstrated in part during the litigation"; 2) "if the attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted"; and  3) when there are "extraordinary circumstances in which an attorney's performance involves exceptional delay in the payment of fees."  *Id.* at 554–56.

6

The undersigned finds no reason to depart from the lodestar calculation in this case. Therefore, multiplying Balboa's attorneys' reasonable number of hours expended by the respective hourly rates yields a recommended combined lodestar amount of $51,970.

**V.    Non-Taxable Costs**

Balboa seeks non-taxable costs in the amount of $57.28 in non-taxable costs. Balboa seeks reimbursement for photocopying and attached the invoice. "It is well settled that '[e]xpenses such as reimbursement for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, documents scanning, and visual equipment are typically recoverable' as non-taxable costs." *Brown Jordan Int'l v. Carmicle*, No. 14-60629-CIV-ROSENBERG/HOPKINS, 2017 WL 5633312, at *10 (S.D. Fla. Aug. 7, 2017) (quoting *Keegan v. Am. Honda Motor Co.*, No. CV-10-09508-MMM (AJWx), 2014 WL 12551213, at *28 (C.D. Cal. Jan. 21, 2014)).

Here the undersigned has reviewed the billing invoice submitted by Balboa and finds that Balboa's costs are properly invoiced, reasonable, and recoverable as non-taxable costs. Therefore, the undersigned recommends that Balboa be entitled to recover non-taxable costs in the amount of $57.28.

In total, the undersigned recommends that Balboa be awarded $52,027.28 ($51,970 in attorneys' fees and $57.28 in non-taxable costs).

**VI.     Recommendation**

Based on the foregoing, the undersigned recommends that Balboa's Motions, ECF Nos. 142 and 146, be GRANTED.  Plaintiff should be awarded fees and costs in the amount of $52,027.28.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE and SUBMITTED** in Chambers, at Fort Lauderdale, Florida this 22nd day of August 2023.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable William P. Dimitrouleas

All Counsel of Record